**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JAMES EARL TURNER,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:12-CV-035-Y** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner James Earl Turner, TDCJ-ID # 457393, is in custody of the Texas Department of

Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice,

Correctional Institutions Division (TDCJ).

## C. FACTUAL AND PROCEDURAL HISTORY

On July 10, 1987, petitioner was sentenced to 99 years' confinement for aggravated robbery with a deadly weapon in the Criminal District Court Number Three of Tarrant County, Texas. (State Habeas R. at 43)[1] Petitioner was erroneously released on October 2, 1990, and, while on release, committed another aggravated robbery with a deadly weapon in Wood County, Texas, for which he received a life sentence to run consecutive to his 99-year sentence. (Resp't Ans., Ex. A) Petitioner was paroled December 27, 2007, and, among other conditions, he was required to register as a sex offender based on his 1981 felony conviction for sexual abuse in Tarrant County. (State Habeas R. at 40-41) On June 3, 2008, a pre-revocation warrant issued for petitioner's arrest due to alleged violation(s) of his parole, and he was transferred to an Intermediate Sanction Facility. (*Id.*) The pre-revocation warrant was withdrawn, and petitioner was re-released on parole. (*Id.*) On June 18, 2010, a pre-revocation warrant again issued for petitioner's arrest due to alleged violation(s) of his parole, and, on July 12, 2010, his parole was revoked. (*Id.*) Petitioner was penalized by forfeiture of 1-year, 7-months, and 16-days of calendar "street time" credit. (*Id.*)

In this petition, petitioner raises three grounds for habeas relief:

(1)   He received ineffective assistance of counsel;
(2)   He has been wrongly denied release to mandatory supervision under the law in effect when he committed the offense and held longer than 90 days for a technical violation; and
(3)   The requirement that he register as a sex offender was not "part of his sentence guideline" under the law in effective when he committed the offense.

(Pet. at 6-7 & Attach. 1-9)

---

[1]"State Habeas R." refers to the court record for petitioner's state habeas application no. WR-76,844-01.

Petitioner filed a prior federal habeas petition raising the same or similar claims on June 7, 2011. (Resp't Ans, Ex. B) *Turner v. Thaler*, Civil Action No. 4:11-378-Y. On October 20, 2011, that petition was dismissed with prejudice as to ground one on limitations grounds and dismissed without prejudice as to grounds two and three on exhaustion grounds. Petitioner has now exhausted grounds two and three by raising the claims in a state habeas application, filed on November 3, 2011, which was denied on December 21, 2011, without written order by the Texas Court of Criminal Appeals on the findings of the trial court. (State Habeas R. at cover, 9-11, 36-39; Resp't Ans, Ex. A)

### D. RULE 5 STATEMENT

Respondent contends ground one of the petition should be dismissed as successive and grounds two and three should be dismissed as time-barred. (Resp't Ans. at 4-12)

### E. SUCCESSIVE PETITION

Under petitioner's first ground, he claims he received ineffective assistance of counsel because his conviction is "fundamentally defective" in that the same jury decided both issues of his mental competency and his guilt/innocence and because counsel filed an *Anders* brief on appeal, abandoned him on appeal, and failed to provide him with copies of the briefs on appeal. (Pet. at 6 & Attach. at 1-5)

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition. *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Further, before such a petition is filed in

3

federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3); *In re Johnson*, 322 F.3d 881, 882 (5ᵗʰ Cir. 2003). The fact that an earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b). *See Hooker v. Sivley*, 187 F.3d 680, 682 (5ᵗʰ Cir. 1999); *Bolden v. Thaler*, No. 3:12-CV-140-Y, 2012 WL 1372130, at *1 (N.D. Tex. Mar. 20, 2012) (not designated for publication).

These claims were or could have been raised in petitioner's earlier federal petition, and he has not demonstrated that he has obtained leave to raise the claim in a subsequent petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition as to ground one. *In re Epps*, 127 F.3d 364, 365 (5ᵗʰ Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5ᵗʰ Cir. 2000).

### E. STATUTE OF LIMITATIONS

Under his second ground, petitioner claims his sentence is not being calculated correctly by TDCJ, that he is eligible for mandatory supervision release having served more than one-third of his 99-year sentence, and that he has been wrongly held more than 90 days for a technical violation of his parole. Under his third ground, he complains the requirement that he register as a sex offender "was not a part of his sentencing guideline" under the law in effective when he committed the offense. (Pet. at 6-7 & Attach. at 6-9)

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of a challenge to parole conditions and parole revocation proceedings, subsection (D) governs when the limitations period begins to run, or the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims. *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003); *Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008); *Torres v. Dretke*, No. 4:04-CV-339-A, 2004 WL 2032168 at *2 (N.D. Tex. Sep. 10, 2004) (not designated for publication).

To the extent petitioner challenges TDCJ's calculation of his sentence, the parole revocation proceedings, his ineligibility for mandatory supervision, and the fact that he was held longer than 90 days for a technical violation, he knew, or could have discovered through due diligence, the factual

basis of these claims on July 12, 2010, the date his parole was revoked, if not sooner. Accordingly, limitations commenced on these claims on July 12, 2010, and closed one year later on July 12, 2011, subject to any applicable tolling. Neither petitioner's state habeas application filed after the federal limitations period had already expired nor his prior federal habeas petition operate to toll the running of the federal period for purposes of § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor does it appear that equitable tolling is appropriate. *Holland Florida*, — U.S. —, 130 S. Ct. 2549 (2010). Petitioner does not assert any justification for his failure to timely pursue state or federal habeas review, and the record reveals none. (Pet. at 9) Thus, the petition, filed on January 17, 2012, is time-barred as to ground two.

To the extent petitioner challenges the condition of release that he register as a sex offender, he knew, or could have discovered through due diligence, the factual basis of his claim at the latest on December 27, 2007, when he was released on parole. (Resp't Ans., Ex. A) Accordingly, limitations commenced as to this claim on that date, and expired one year later on December 27, 2008, absent any tolling. Petitioner did not challenge this condition of release through state collateral review until 2011, several years after expiration of the federal statute of limitations. Thus, petitioner's state habeas application filed after the federal limitations period had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). Nor does it appear that equitable tolling is appropriate. *Holland*, 130 S. Ct. at 2562-63. Petitioner does not assert any justification for his failure to timely pursue state or federal habeas review of his claim, and the record reveals none. Thus, the petition, filed on January 17, 2012, is time-barred as to ground three.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that ground one in the petition for writ of habeas corpus be dismissed as successive and that grounds two and three be dismissed as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April *13* , 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until April *13* , 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May _____**23**_____, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE