```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF TEXAS
                            FORT WORTH DIVISION

JAMES EARL TURNER,                  §
                                    §
VS.                                 §   CIVIL ACTION NO.4:12-CV-035-Y
                                    §
RICK THALER,                        §
Director, T.D.C.J.                  §
Correctional Institutions Div.      §
```

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
and ORDER DENYING CERTIFICATE OF APPEALABILITY

Before the Court is the petition for writ of habeas corpus under 28 U.S.C. § 2254 of petitioner James Earl Turner, along with the May 23, 2012 findings, conclusions, and recommendation of the United States magistrate judge. The magistrate judge gave the parties until June 13 to file written objections to the findings, conclusions, and recommendation. As of the date of this order, no written objections have been filed.

The Court has reviewed the pleadings and the record in this case, and has reviewed for clear error the findings, conclusions and recommendation. The Court concludes that, for the reasons stated by the magistrate judge, the petition for writ of habeas corpus should be dismissed in part as successive and in part dismissed with prejudice because limitations barred.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Petitioner James Earl Turner's first ground for relief under § 2254, that he received ineffective assistance of counsel because his conviction is fundamentally defective in that the jury decided both the issues of his mental competency to stand trial and his guilt/innocence and because counsel provided ineffective assistance of counsel on appeal, is DISMISSED as a successive ground filed without obtaining permission from the court of appeals.  Turner's

second ground for relief under § 2254, that his sentence is not being calculated correctly by TDCJ because he is eligible for release to mandatory supervision and he has been wrongly held more than 90 days for a technical violation of his parole; and his third ground, that the requirement that he register as a sex offender is improper because it was not part of the law in effect when he committed the offense, are DISMISSED WITH PREJUDICE as barred by limitations.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[1] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[2] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[3] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[4]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Turner has made a showing

---

[1] *See* Fed. R. App. P. 22(b).

[2] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[3] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[4] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

2

that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the May 23, 2012 Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[5]

Therefore, a certificate of appealability should not issue.

SIGNED June 20, 2012.

                                             _____
                                             TERRY R. MEANS
                                             UNITED STATES DISTRICT JUDGE

---

[5] Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).